IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| John Doe 52,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Mayo Clinic Health System - Eau Claire Clinic, Inc., David A. Van de Loo, ProAssurance Casualty Company f/d/b/a Physicians Insurance Company of Wisconsin, and Injured Patients and Families Compensation Fund,<br><br>　　　　Defendants. | Civil Action No. 14- cv- 387<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

　　　　Plaintiff, JOHN DOE 52, for his claims for relief, alleges and shows to the Court as follows:

**PARTIES**

　　　　1.　　Plaintiff John Doe 52 (hereinafter "Plaintiff"), is a resident of the State of Minnesota. Plaintiff's name is being provided to Defendants under separate cover because he may have been the victim of sex crimes when he was a minor.

　　　　2.　　At all times material to the Complaint, Defendant Mayo Clinic Health System – Eau Claire Clinic, Inc., (hereinafter the "Clinic"), was and continues to be a corporate entity, authorized to conduct business and conducting business under the laws of the state of Wisconsin, with its principal base of business at 1400 Bellinger Street, Eau Claire, Wisconsin 54703.

　　　　3.　　At all times material, Defendant David A. Van de Loo, M.D. (hereinafter "Van de Loo"), was a licensed physician under the employ and control of the Clinic. On information and

belief, Van de Loo is a resident of Wisconsin, currently resides in Eau Claire, Wisconsin.

4. Defendant ProAssurance Casualty Company, on information and belief, formerly doing business as ProAssurance Wisconsin Insurance Company, was, at all times material hereto, doing business in the State of Wisconsin and engaged in the business of writing and selling liability insurance in the State of Wisconsin with offices located at, upon information and belief, ProAssurance Casualty Company, 1002 Deming Way, Madison, Wisconsin 53717; further, that at all times material the Defendant corporation had issued a policy of liability insurance to Defendants Clinic and Van de Loo, for claims such as those hereinafter set forth and which said policy was in full force and effect at the time of the matter which forms the basis of this action; further, that by reason of Wisconsin Statutes § 803.04(2), said insurance company is a proper party defendant herein.

Please be advised that ProAssurance Casualty Company is also subject to Wisconsin Statutes §628.46, the "Timely payment of claims" statute. That statute provides, in pertinent part, as follows:

(1) Unless otherwise provided by law, an insurer shall promptly pay every insurance claim. A claim shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of the loss. If such written notice is not furnished to the insurer as to the entire claim, any partial amount supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after written notice is furnished to the insurer. Any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the

insurer. All overdue payments shall bear simple interest at the rate of 12% per year.

Pursuant to this statute, an insurer must pay a claim within thirty (30) days of being furnished with written notice of the claim and the amount of the claim. Moreover, even if the submitted proof of loss does not support payment of the entire claim, "<u>any partial amount supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer</u>."

This statute is incorporated into every insurance policy by operation of law. *Poling v. Wisconsin Physicians Serv.*, 120 Wis. 2d 603, 612, 357 N.W.2d 293 (Ct. App. 1984). As the Wisconsin Supreme Court recently held in *Kontowicz v. American Standard Ins. Co.*, 2006 WI 48, 290 Wis. 2d 302, 714 N.W.2d 105, § 628.46 is not limited to first-party claims, but rather applies equally to third party insurance claims, such as the claim being made in this case.

Accordingly, if you decline to pay the amount being claimed in this written demand and proof of loss, you are instructed to set forth each and every reasonable basis you have for refusing to pay the amount claimed. If in response to this written demand and proof of loss, you are only tendering a partial payment, you are instructed to set forth each and every reasonable basis you have for only paying this partial amount rather than the full amount claimed.

5. Defendant Injured Patients and Families Compensation Fund (hereinafter the "Fund"), is and was at all times material a Wisconsin corporation duly organized and existing under and by virtue of the laws of the State of Wisconsin with offices located at, upon information and belief, Injured Patients and Families Compensation Fund, P.O. Box 7873, 125 S. Webster Street, Madison, Wisconsin; further that said Fund is engaged in the business of writing and selling liability insurance; further, that the defendant corporation had issued policies of insurance to Defendants Clinic and David A. Van de Loo, M.D., for claims such as those

hereinafter set forth in this complaint, and which policies were in full force and effect at the time of the events which form the basis of this action; further, that by reason of Wisconsin Statutes §803.04(2), said insurer is a proper party defendant herein.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in the Western District of Wisconsin because all of the acts complained of hereafter occurred in this District.

7. Jurisdiction is also proper in the Western District of Wisconsin because there is complete diversity of citizenship between plaintiff and all defendants. In addition, the amount in controversy claimed by plaintiff, exclusive of interest and costs, exceeds Seventy-five Thousand Dollars ($75,000). As a result, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

8. Venue is proper in the Western District of Wisconsin, pursuant to 28 U.S.C. § 1391, because the events giving rise to the causes of action herein occurred in Eau Claire County, Wisconsin.

## FACTUAL ALLEGATIONS

9. At all times material, Defendant Van de Loo was a licensed physician under Defendant Clinic's direct supervision, employ and control.

10. From the ages of approximately 15 to 17 years, approximately 2004 to 2007, Defendant Van de Loo served as Plaintiff's physician. Plaintiff received medical treatment from Defendant Van de Loo while on the premises of Defendant Clinic on approximately two or three occasions between 2004 and 2007.

11. From the ages of approximately 15 to 17 years, approximately 2004 to 2007, Plaintiff received medical treatment from Defendant Van de Loo. During these appointments

Van de Loo touched Plaintiff's genitals and penis as part of what Defendant Van de Loo, on information and belief, contends is a normal part of the medical treatment he rendered to Plaintiff.

12. During some of Plaintiff's appointments with Defendant Van de Loo, Defendant Van de Loo asked Plaintiff's parent to leave the room.

13. When Plaintiff was alone in the room with Defendant Van de Loo, Defendant Van de Loo touched, squeezed and manipulated Plaintiff's genitals and penis. Defendant Van de Loo did not wear gloves when he touched Plaintiff's genitals and penis. Defendant Van de Loo, on information and belief, contends this is a normal part of the medical treatment he rendered to Plaintiff.

14. Plaintiff, or his parent, consented to the medical examinations performed by Defendant Van de Loo, but did not consent to what Plaintiff later learned was conduct beyond the standard of care for a physician.

15. On information and belief, Defendant Van de Loo commonly asked parents to leave the room when he was performing physical examinations on minor male patients and he did not have chaperones present for the examinations. When the parents of one such minor patient questioned a nurse about whether this practice was normal and indicated their discomfort, the nurse indicated it was how Van de Loo did things.

16. On information and belief, Defendant Clinic knew, or should have known by at least 2008, that Van de Loo performed medical examinations on minors that involved improper genital touching and manipulation.

17. Despite what Defendant Clinic knew or should have known, it continued to represent Defendant Van de Loo to the public and its patients as a qualified and competent

physician at the Clinic who was safe to work with and treat patients, including children. On information and belief, Defendant Clinic did not tell any of its patients, including children or their parents, that Van de Loo was unsafe to work with patients or that he had performed an inappropriate physical examination on a minor patient.

18. Defendant Clinic was in a specialized position where it had knowledge that Plaintiff did not. Defendant Clinic was in a position to have this knowledge because it was Defendant Van de Loo's employer and because the Clinic was responsible for Van de Loo. Plaintiff, on the other hand, was a patient and minor child. As a patient and minor child, Plaintiff was not in a position to have information about the Clinic's knowledge regarding Van de Loo.

19. In particular, Defendant Clinic, by and through its agents, servants, and employees, knew or should have known that Van de Loo performed an inappropriate physical examination on at least one other minor patient during the time in which Plaintiff was also being treated by Van de Loo.

20. Plaintiff did not know, nor did plaintiff have reason to know before October 12, 2012, that Van de Loo's conduct was improper because Van de Loo conditioned his minor patients to believe that the examinations he performed were necessary, proper, and within the accepted standard of care.

21. Plaintiff did not discover, nor in the exercise of reasonable diligence should he have discovered before October 2012, that the medical examinations he received from Defendant Van de Loo did not comport with the standard of care and, in fact, were outside the standard of care as the Clinic has admitted. Based on this knowledge, plaintiff has suffered profound psychological damage as a result of the Defendants' actions that plaintiff now knows were improper.

22. As a direct and proximate result of Defendants' actions, Plaintiff now realizes that he has suffered and will continue to suffer great pain of mind and body, including, but not limited to: depression, anxiety, embarrassment, emotional distress, self-esteem issues, and loss of enjoyment of life. Further, Plaintiff now realizes he has been prevented and will continue to be prevented from performing his normal daily activities and obtaining the full enjoyment of life and will incur expenses for medical and psychological treatment, therapy and counseling, all in an amount in excess of $75,000.

## FIRST CAUSE OF ACTION
## MEDICAL MALPRACTICE/NEGLIGENCE AGAINST DEFENDANTS VAN DE LOO AND CLINIC

23. Plaintiff incorporates paragraphs 1 through 22 of this Complaint as if fully set forth under this count.

24. From approximately 2004 to 2007, Plaintiff was seen by Defendant Van de Loo as his primary care physician.

25. Defendant Clinic, by its agents, employees or apparent agents, more specifically Defendant Van de Loo, rendered professional medical services to Plaintiff; further that said defendant, by its agents, employees, or apparent agents, more specifically Defendant Van de Loo, failed to exercise reasonable care and medical skill in keeping with its profession and the areas of the profession in which it specialized and the manner in which its agents, employees, and apparent agents, more specifically, Defendant Van de Loo, diagnosed, cared, treated and rendered medical services to Plaintiff, including, but not limited to, maintaining inadequate policies and procedures regarding patient chaperones.

26. Defendant Van de Loo, rendered professional medical services to Plaintiff from approximately 2004 to 2007; further that said Defendant failed to exercise reasonable care and

medical skill in keeping with his profession and the areas of his profession in which he specialized in the manner in which he diagnosed, cared, treated and rendered medical services to Plaintiff, including, but not limited to, providing unnecessary and improper treatment.

27. As a result of the causal negligence of Defendant Clinic, by its agents, employees, or apparent agents, more specifically Defendant Van de Loo, Plaintiff has endured in the past and will continue to endure in the future the damages listed herein, all in an amount in excess of $75,000.

28. As a result of the negligence of Defendant Clinic, by its agents, employees, or apparent agents, and Defendant Van de Loo, and the Clinic, ProAssurance Casualty Company and The Injured Patients and Families Compensation Fund are directly liable to Plaintiff in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## NEGLIGENCE AGAINST DEFENDANT CLINIC

29. Plaintiff incorporates paragraphs 1 through 22 of this Complaint as if fully set forth under this count.

30. At all times material, Defendant Van de Loo was employed by Defendant Clinic and was under Defendant Clinic's direct supervision, employ and control when he committed the acts described herein. Defendant Van de Loo engaged in the acts described herein while acting in the course and scope of his employment with Defendant Clinic and accomplished the acts by virtue of his job-created authority, and the Clinic profited from those acts.

31. By establishing and operating a health clinic and encouraging the treatment of patients, including Plaintiff, Defendant Clinic entered into an express or implied duty to operate within the standard of ordinary and reasonable care under the circumstances.

32. Defendant Clinic breached its duty by failing to exercise ordinary and reasonable

care, including exposing Plaintiff to Defendant Van de Loo as a physician in its clinic, an unfit agent whose conduct was foreseeable, by failing to warn Plaintiff and his parents of the known risk Van de Loo posed, or by failing to have or enforce adequate policies and procedures for the protection of patients, including children.

33. Additionally, the circumstances in which Plaintiff was treated at the Clinic deprived Plaintiff of his normal opportunities for protection, thereby the Clinic entered into a special relationship with Plaintiff giving rise to an express or implied duty to protect Plaintiff from the foreseeable consequences of Defendant Van de Loo's injurious conduct.

34. Defendant Clinic's breach of its duty was a proximate cause of Plaintiff's injuries.

35. As a direct result of the negligent conduct of Defendant Clinic, Plaintiff has suffered the injuries and damages described herein.

## THIRD CAUSE OF ACTION
## SEXUAL BATTERY AGAINST DEFENDANT VAN DE LOO

36. Plaintiff incorporates paragraphs 1 through 22 of this Complaint as if fully set forth under this count.

37. From approximately 2004 to 2007, when Plaintiff was approximately 15 to 17 years old, Defendant Van de Loo intentionally caused bodily harm upon the person of Plaintiff on multiple occasions.

38. Plaintiff did not consent to the harmful bodily contact.

39. Said conduct was undertaken while Defendant Van de Loo was an employee and agent of Defendant Clinic and while in the course and scope of employment with the Clinic.

40. As a direct result of Defendant Van de Loo's harmful bodily contact with Plaintiff, Plaintiff has suffered and will continue to suffer the injuries and damages alleged

herein.

## FOURTH CAUSE OF ACTION
## VICARIOUS LIABILITY AGAINST DEFENDANT CLINIC

41. Plaintiff incorporates paragraphs 1 through 22 of this Complaint as if fully set forth under this count.

42. At all times material, Defendant Van de Loo was employed by Defendant Clinic as a physician. As such, Defendant Van de Loo was under Defendant Clinic's direct supervision, employ and control when he provided Plaintiff with the medical care and treatment alleged herein.

43. Defendant Van de Loo provided Plaintiff with medical care and treatment and rendered services to Plaintiff within the scope of his employment as part of the duties he was employed to perform and render by Defendant Clinic.

44. Defendant Van de Loo's conduct occurred within the time and space limits of his authority with Defendant Clinic, and the Clinic profited therefrom.

45. Defendant Van de Loo's conduct was actuated, at least in part, by a purpose to serve Defendant Clinic.

46. Defendant Clinic is liable for the conduct of Defendant Van de Loo under the law of vicarious liability, including the doctrine of respondeat superior, or by ratifying the conduct by affirming Van de Loo's actions, or by negligently or recklessly allowing the conduct to occur.

47. As a direct result of Defendant Van de Loo's conduct, Plaintiff has suffered and will continue to suffer the injuries and damages alleged herein.

## FIFTH CAUSE OF ACTION
## NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT CLINIC

48. Plaintiff incorporates paragraphs 1 through 22 of this Complaint as if fully set

forth under this count.

49. At all times material, Defendant Van de Loo was employed by Defendant Clinic and was under Defendant Clinic's direct supervision, employ and control when he committed the acts described herein. Defendant Van de Loo engaged in the acts described herein while acting in the course and scope of his employment with Defendant Clinic and accomplished the acts by virtue of his job-created authority.

50. By establishing and operating a health clinic and encouraging the treatment of patients, including Plaintiff, Defendant Clinic entered into an express or implied duty to operate within the standard of ordinary and reasonable care under the circumstances.

51. Additionally, the circumstances in which Plaintiff received medical treatment at the Clinic deprived Plaintiff of his normal opportunities for protection, thereby the Clinic entered into a special relationship with Plaintiff giving rise to an express or implied duty to protect Plaintiff from the foreseeable consequences of Defendant Van de Loo's injurious conduct.

52. The Clinic's duty of ordinary and reasonable care included the duty to warn patients, including children, that Van de Loo was unsafe.

53. Defendant Clinic breached this duty by failing to warn Plaintiff that Defendant Van de Loo was an unfit agent with dangerous and exploitive propensities.

54. Defendant Clinic also breached this duty by failing to warn Plaintiff and his parents of the known risk Van de Loo posed.

55. Defendant Clinic's breach of its duty was the proximate cause of Plaintiff's injuries.

56. As a direct result of the negligent conduct of Defendant Clinic, Plaintiff has suffered the injuries and damages described herein.

## SIXTH CAUSE OF ACTION
## NEGLIGENT RETENTION AGAINST DEFENDANT CLINIC

57. Plaintiff incorporates paragraphs 1 through 22 of this Complaint as if fully set forth under this count.

58. At all times material, Defendant Van de Loo was employed by Defendant Clinic and was under Defendant Clinic's direct supervision, employ and control when he committed the acts described herein. Defendant Van de Loo engaged in the acts described herein while acting in the course and scope of his employment with Defendant Clinic and accomplished the acts by virtue of his job-created authority.

59. By establishing and operating a health clinic and encouraging the treatment of patients, including Plaintiff, Defendant Clinic entered into an express or implied duty to operate within the standard of ordinary and reasonable care under the circumstances.

60. Additionally, the circumstances in which Plaintiff received medical treatment at the Clinic deprived Plaintiff of his normal opportunities for protection, thereby the Clinic entered into a special relationship with Plaintiff giving rise to an express or implied duty to protect Plaintiff from the foreseeable consequences of Defendant Van de Loo's injurious conduct.

61. Defendant Clinic, by and through its agents, servants, and employees, knew or should have known that Defendant Van de Loo presented an unreasonable risk of harm to patients including Plaintiff because it is and was a well-known and foreseeable risk that physicians may engage in inappropriate contact with patients, but negligently retained Defendant Van de Loo so as to continue to expose patients to the unreasonable risk of harm.

62. Defendant Clinic breached its duty to Plaintiff by failing to exercise ordinary and reasonable care in retaining Defendant Van de Loo in his employment at Defendant Clinic, including failing to take any further action to remedy the problem Van de Loo posed, failing to

12

investigate Van de Loo, failing to restrict Van de Loo's privileges, failing to prevent the foreseeable misconduct of Defendant Van de Loo from causing harm to Plaintiff, or failing to remove Van de Loo from working with patients, thereby exposing Plaintiff to Defendant Van de Loo, an unfit agent with dangerous and exploitive propensities and causing Plaintiff to suffer harm by Defendant Van de Loo.

63. As a direct result of the negligent conduct of Defendant Clinic, Plaintiff has suffered the injuries and damages described herein.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION AGAINST DEFENDANT CLINIC

64. Plaintiff incorporates paragraphs 1 through 22 and all consistent paragraphs of this Complaint as if fully set forth under this count.

65. At all times material, Defendant Van de Loo was employed by Defendant Clinic and was under Defendant Clinic's direct supervision, employ and control when he committed the acts described herein. Defendant Van de Loo engaged in the conduct while acting in the course and scope of his employment with Defendant Clinic and accomplished the conduct by virtue of his job-created authority.

66. By establishing and operating a health clinic and encouraging the treatment of patients, including Plaintiff, Defendant Clinic entered into an express or implied duty to operate within the standard of ordinary and reasonable care under the circumstances.

67. Additionally, the circumstances in which Plaintiff received medical treatment at the Clinic deprived Plaintiff of his normal opportunities for protection, thereby the Clinic entered into a special relationship with Plaintiff giving rise to an express or implied duty to protect Plaintiff from the foreseeable consequences of Defendant Van de Loo's injurious conduct.

68. Defendant Clinic, by and through its agents, servants, and employees, knew or

should have known that Van de Loo presented an unreasonable risk of harm to patients including Plaintiff because it is and was a well-known and foreseeable risk that physicians may engage in inappropriate contact with patients, but negligently failed to supervise Van de Loo so as to prevent such harm to patients.

69. Defendant Clinic breached its duty by failing to exercise ordinary and reasonable care in supervising Defendant Van de Loo as a physician in its clinic and by failing to prevent the foreseeable misconduct of Defendant Van de Loo, thereby exposing Plaintiff to Defendant Van de Loo, an unfit agent with dangerous and exploitive propensities and causing Plaintiff to suffer harm by Van de Loo.

70. As a direct result of the negligent conduct of Defendant Clinic, Plaintiff has suffered the injuries and damages described herein.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at trial, plus costs, disbursements, reasonable attorneys' fees, interest, and such other relief that the Court deems just and equitable. Plaintiff also demands punitive damages against Defendants in an amount to be determined at trial.

## JURY DEMAND

Plaintiff hereby requests a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, on all claims and issues so triable.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P

Dated: May 29, 2014 /s/David E. Bland_____
Chris A. Messerly, #1020666
Brandon Thompson, #1089607
David E. Bland (MN #008795)
ROBINS, KAPLAN, MILLER & CIRESI
800 LaSalle Avenue, 2800 LaSalle Plaza
Minneapolis, MN 55402
(612) 349-8500

JEFF ANDERSON & ASSOCIATES, P.A.

Jeffrey R. Anderson, #1019358
Michael G. Finnegan, #1076931
Elin M. Lindstrom, #1086903
366 Jackson Street, Suite 100
St. Paul, MN 55101
(651) 227-9990

ATTORNEYS FOR PLAINTIFF

84809113.2