IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| John Doe 52,<br><br>    Plaintiff,<br><br>vs.<br><br>Mayo Clinic Health System - Eau Claire Clinic, Inc., David A. Van de Loo, ProAssurance Casualty Company f/d/b/a Physicians Insurance Company of Wisconsin, and Injured Patients and Families Compensation Fund,<br><br>    Defendants. | **Civil Action No. 14– cv- 387–wmc**<br><br><br>**STIPULATED PROTECTIVE ORDER** |

Upon stipulation of the parties for an order pursuant to Federal Rules of Civil Procedure Rule 26(c) that confidential medical, trade secret or other confidential research, development or commercial information only be disclosed in designated ways:

1. As used in the Protective Order, these terms have the following meanings:

    a. "Attorneys" means counsel of record and in-house legal departments;

    b. "Confidential" documents are documents designated pursuant to paragraph 2;

    c. "Documents" are all materials within the scope of Federal Rules of Civil Procedure 34;

    d. "Written Assurance" means an executed document in the form attached as Exhibit A.

2. Criteria for Designation "CONFIDENTIAL." A designating party may designate documents, discovery responses, testimony or information as "CONFIDENTIAL" if the documents, discovery responses or testimony embody material entitled to protection under Federal Rules of Civil Procedure 26(c). The parties shall not designate as CONFIDENTIAL any information that is readily available through other sources.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights.

4. Access to any confidential document shall be limited to:

  a. The Court and its officers;

    b. Attorneys and their office associates, legal assistants, and stenographic and clerical employees;

    c. The parties and their designated representatives;

    d. Non-party witnesses noticed for depositions or designated as trial witnesses (and their counsel, if any), to the extent reasonably deemed by counsel to be necessary in connection with that person's testimony;

    e. Persons shown on the face of the document to have authored or received it;

    f. Court reporters and videographers; and

    g. Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated (with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action and inside experts (current employees being utilized to furnish technical or expert services).

5. Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third

parties shall be treated as "Confidential" for a period of fifteen days from the date of their production, and during that period, any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6. For clarity, the parties agree to Bates label all documents produced in this matter. For documents obtained from third-parties which do not include bates labels, the party obtaining or seeking the documents via subpoena or authorization, agrees to bates label the documents provided by the third-party.

7. Each person appropriately designated pursuant to paragraphs 4(d) or 4(g) to receive "Confidential" information shall execute a "Written Assurance" in the form attached as Exhibit A. Counsel shall maintain a file of the originals of each signed Exhibit A, and, after the termination of this litigation including appeals, and all other litigation involving these defendants being pursued by either of plaintiff's law firms, will, upon written request, provide opposing counsel with a copy of any or all such executed documents.

8. All depositions or portions of depositions taken in this action that contain trade secret or other confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the

other party within ten days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the ten-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

9. Any party who inadvertently fails to identify documents as "Confidential" shall have ten days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

10. Inadvertent disclosure of documents that are privileged or otherwise immune from discovery shall be addressed in the manner set out in Federal Rules of Civil Procedure.

11. If a party files a document containing Confidential information with the Court, it shall do so by filing any such document under seal. Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court.

12. Any party may challenge another party's designation of particular materials as "Confidential" at any time. Within seven business days of receiving written notice of such a challenge, the parties will meet and confer in an attempt to resolve the dispute regarding the designation. If the meet and confer is unsuccessful, within fourteen calendar days of the unsuccessful conference, the party claiming the material is Confidential must make a motion to the Court in accordance with Federal Rules of Civil Procedure 26(c) to show that good cause exists for designating the document as proposed. Neither the existence of this Protective Order, nor the proponent's original designation as Confidential hereunder shall create any presumption in favor of any designation. The party asserting that the material *is* Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Federal Rules of Civil Procedure 26(c). While such motion is pending, disputed documents shall be treated as confidential. If no motion is brought by the proponent of Confidential status as required above, and the fourteen-day period is not extended by agreement or by the Court, the challenged designation shall be considered withdrawn and the material will not be subject to this Protective Order.

13. Within sixty days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all

copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the sixty-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action. Within sixty days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "Confidential" from the office of the Clerk of Court. Following that sixty-day period, the Clerk of Court shall destroy all "Confidential" materials.

Dated: October 10, 2014               **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

/s/David E. Bland
Chris A. Messerly, #1020666
Brandon Thompson, #1089607
David E. Bland (MN #008795)
ROBINS, KAPLAN, MILLER & CIRESI

800 LaSalle Avenue, 2800 LaSalle Plaza
Minneapolis, MN 55402
(612) 349–8500

**JEFF ANDERSON & ASSOCIATES, P.A.**

Jeffrey R. Anderson, #1019358
366 Jackson Street, Suite 100
St. Paul, MN 55101
(651) 227–9990

ATTORNEYS FOR PLAINTIFF


Dated: October 10, 2014          **AXLEY BRYNELSON, LLP**

/s/Guy DeBeau
Guy DeBeau, SB#1000743
Michael J. Modl, SB #1011419
Attorneys for Mayo Clinic Heath System-Eau
Claire Clinic, Inc. and ProAssurance Casualty
Company, as its interests relate to Mayo Clinic
Health System-Eau Claire Clinic, Inc.
2 East Mifflin Street, Suite 200 (53703)
Post Office Box 1767
Madison, WI 53701-1767
608-257-5661
gdubeau@axley.com
mmodl@axley.com


Dated: October 10, 2014          **WILSON ELSER MOSKOWITZ EDELMAN
                                  & DICKER, LLP**
                                  Attorneys for Defendants David A. Van de Loo,
                                  MD and ProAssurance Casualty Company (as its
                                  interests relate on the merits to David A. Van de
                                  Loo, MD)


/s/ Brent A. Simerson
Brent A. Simerson, SBN 1079280
Samuel Lieb, SBN 1003889

        River Bank Plaza, Suite 600
        740 N. Plankinton Avenue
        Milwaukee, WI 53203
        Telephone : (414) 276-8816
        Fax: (414) 276-8819
        E-mail: brent.simerson@wilsonelser.com
        E-mail: Samuel.lieb@wilsonelser.com

Dated: October 10, 2014        **NASH, SPINDLER, GRIMSTAD & MCcRACKEN, LLP**

        /s/ Jeremy T. Gill
        By: Jeremy T. Gill, State Bar No. 1034152
        Justin F. Wallace, State Bar No. 1069331
        Attorneys for Defendant Injured Patients and Families Compensation Fund
        Nash, Spindler, Grimstad & McCracken, LLP
        1425 Memorial Drive
        Manitowoc, WI 54220
        Phone: 920-684-3321
        Fax: 920-684-0544
        E-mail: jgill@nashlaw.com
        E-mail: jwallace@nashlaw.com

85077743.2

# EXHIBIT A WRITTEN ASSURANCE

_____declares that: I reside at _____ _____. I am employed by _____ and my job title is _____.

I have read and believe I understand the terms of the Protective Order dated _____ and filed in Civil Action No. 14– cv- 387–wmc, pending in the United States District Court for the Western District of Wisconsin. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than thirty days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Western District of Wisconsin for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

_____          _____
(Date)                                                              (Signature)